UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANGELA B. WILLIAMS,

    Plaintiff,

vs.                                                        Case No. 8:14-cv-03199-T-27AEP

SCHOOL BOARD OF POLK COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Amended Complaint (Dkt. 14) and Plaintiff's response in opposition (Dkt. 18). Upon consideration, the motion is **GRANTED**.

### BACKGROUND

Plaintiff DeAngela Williams, proceeding *pro se*, claims Defendant School Board of Polk County, Florida ("School Board") refused to hire her as a cosmetology teacher because of her race, in violation of Title VII of the Civil Rights Act of 1964. (Dkt. 13). Williams alleges she signed a contract with the School Board in December 2010, but has never been allowed to work. (*Id.* ¶¶ 1, 3). Williams filed an EEOC charge in July 2014, and the EEOC issued her a right to sue letter on August 22, 2014. (*Id.*; Dkt. 18 Ex. F-G). Williams filed her complaint in state court (Dkt. 2). The School Board removed the case to federal court and moved to dismiss on several grounds (Dkts. 1, 3, 5). The motion to dismiss was granted, and Williams was given leave to amend her complaint (Dkt. 12). She filed an amended complaint, which the School Board has again moved to dismiss. (Dkts. 13, 14).

1

## STANDARD OF REVIEW

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St.*

*George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). *Pro se* complaints are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## DISCUSSION

Williams contends that the School Board refused to hire her because she is black. Failure to hire an individual because of race can violate Title VII of the Civil Rights Act of 1964. *Walker v. Prudential Property and Cas. Ins. Co.*, 286 F.3d 1270, 1274 (11th Cir. 2002). To bring a Title VII claim, a plaintiff must first exhaust her administrative remedies by timely filing a charge with the EEOC. In a deferral state like Florida, the EEOC charge must be filed no later than 300 days after the alleged unlawful employment practice. *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004).

Williams alleges the School Board has refused to hire her from December 2010 to the present (Dkt. 13 ¶ 3). As an initial matter, a failure to hire is a discrete act that cannot constitute a continuing violation. *Bracamontes v. Amstar Corp.*, 576 F.2d 61, 62 (5th Cir. 1978)[1] (citing *Evans v. United Air Lines, Inc.*, 431 U.S. 553 (1977)). *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) ("the failure to hire the claimants because they were women were discrete, one-time employment events that should have put the claimants on notice that a cause of action had accrued.") (punctuation altered). Therefore, Williams' cause of action accrued in December 2010, when the School Board refused to hire her despite her signing of the contract.

Williams' claim, as stated in the amended complaint, is barred by res judicata. Res judicata, also called claim preclusion, bars the filing of claims that were raised or could have been in an earlier

---

[1] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

proceeding. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). A claim is barred by res judicata when (1) there is a final judgment on the merits, including dismissal of a complaint with prejudice, (2) rendered by a court of competent jurisdiction, (3) concerning identical parties, and (4) the same cause of action. *Id.* (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)). In *Williams v. School Bd. of Polk County, Fla.*, No. 8:13-cv-3206-SDM-EAJ, Williams' claim against the School Board was dismissed with prejudice "[t]o the extent [it was] based on conduct in December, 2010." *Id.* at Dkt. 20. This claim was for the same cause of action. *See id.* at Dkt. 13 (amended complaint stating claim was based on School Board's refusal to hire Williams). Accordingly, all the requirements for res judicata have been met.[2]

However, Plaintiff will be granted an additional opportunity to amend her complaint. Failure to state a claim in a second amended complaint may result in dismissal with prejudice.

## CONCLUSION

Defendant's Motion to Dismiss Amended Complaint (Dkt. 14) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED** *without prejudice*.

Plaintiff is **GRANTED** leave to file a second amended complaint within twenty-one (21) days of this Order.

**DONE AND ORDERED** this 20th day of July, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro se* Plaintiff and Counsel of Record

---

[2] Further, Williams' EEOC charge is untimely because it was filed more than 300 days after the failure to hire cause of action accrued (*see* Dkt. 18 Ex. F-G), and therefore the Title VII claim is also time barred. *Bost*, 372 F.3d at 1238.

4