UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEANGELA B. WILLIAMS,**

    **Plaintiff,**

vs.                                                         Case No. 8:14-cv-03199-T-27AEP

**SCHOOL BOARD OF POLK COUNTY,
FLORIDA,**

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 22). Plaintiff, proceeding *pro se*, failed to respond in opposition.[1] Upon consideration, the motion is **GRANTED** and this case is **DISMISSED** *with prejudice*.

### BACKGROUND

Plaintiff DeAngela Williams, who is Black, claims that the Defendant, the School Board of Polk County, Florida ("the School Board") discriminated against her on the basis of her race. (Dkt. 21 p. 1). The School Board did "not let[] [her] work for the position that [she] was fully qualified hired for (part-time teaching Black Hair) . . . but was replaced by a White worker." (*Id.*)

Williams filed her first complaint in state court. (Dkt. 2). The School Board removed the case to federal court and moved to dismiss. (Dkts. 1, 3, 5). The motion to dismiss was granted because the complaint did "not include sufficient information to glean whether [Williams] has stated a claim

---

[1] However, her Second Amended Complaint attempts to address some of the grounds on which the First Amended Complaint was dismissed, and these arguments will be considered.

1

for which relief can granted," as it lacked specificity about the alleged discriminatory conduct and compliance with pre-suit administrative requirements. (Dkt. 12 p. 1).

Williams filed an amended complaint which provided additional details about the discriminatory conduct and her exhaustion of administrative remedies. (*See* Dkts. 13, 18). The School Board again moved to dismiss, and its motion was granted on the basis of res judicata (Dkt. 20 pp. 3-4), because Williams had previously attempted to assert the same claim in *Williams v. School Bd. of Polk County, Fla.*, No. 8:13-cv-3206-SDM-EAJ, where her federal discrimination claim was dismissed with prejudice. (*See* Case No. 8:13-cv-3206-SDM-EAJ, Dkt. 20). The Order also found that Williams' EEOC charge was untimely because it was filed more than 300 days after her cause of action accrued. (Dkt. 20 n. 2). Williams was granted leave to amend her complaint again, but the Order warned, "Failure to state a claim in a second amended complaint may result in dismissal with prejudice." (*Id.* at p. 4).

Williams filed a Second Amended Complaint (Dkt. 21), which the School Board has moved to dismiss for substantially the same reasons.

## STANDARD OF REVIEW

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). *Pro se* complaints are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but must still conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### DISCUSSION

As explained in the Order on the second motion to dismiss, a failure to hire is a discrete act that cannot, as a matter of law, constitute a continuing violation. *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) ("the failure to hire the claimants because they were women were discrete, one-time employment events that should have put the claimants on notice that a cause of action had accrued.") (punctuation altered). Williams contends there has been a

"continual[] action" by the School Board in refusing to employ her, but that theory is precluded by binding precedent. *Id.*; *see Clark v. Olinkraft, Inc.*, 556 F.2d 1219, 1222 (5th Cir. 1977) ("failure to hire does not constitute a continuing violation.").[2]

Therefore, Williams' failure to hire claim accrued in December 2010, when the School Board first refused to employ her.[3] This claim is barred by res judicata. As discussed, in *Williams v. School Bd. of Polk County, Fla.*, No. 8:13-cv-3206-SDM-EAJ, Williams' claim against the School Board was dismissed with prejudice "[t]o the extent [it was] based on conduct in December, 2010." (Case No. 8:13-cv-3206-SDM-EAJ (M.D. Fla.), Dkt. 20). Res judicata bars the filing of claims that were raised in an earlier proceeding, when (1) there is a final judgment on the merits, including dismissal of a complaint with prejudice, (2) rendered by a court of competent jurisdiction, (3) concerning identical parties, and (4) the same cause of action. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)). All of the requirements of res judicata have been met in this case, and therefore the complaint is due to be dismissed with prejudice. *See Birdette v. Saxon Mortg.*, 502 Fed. App'x 839, 841 (11th Cir. 2012) (district court did not abuse its discretion in dismissing *pro se* plaintiffs'

---

[2] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Williams contends that the legal analysis for failure to hire claims does not apply because she "was hired" by the School Board. (Dkt. 21 pp. 1-2). However, her claim is plainly based on the fact that the School Board never "let[] [her] work." (*Id.* at p. 1). Even if Williams' claim were considered a failure to promote, it would not constitute a continuing violation, and would have accrued in December 2010. *See Price v. M & H Valve Co.*, 177 Fed. App'x 1, 10 (11th Cir. 2006) ("an employer's failure to promote is a discrete act or single occurrence. . . . Thus, this doctrine of 'continuing violation' was not applicable to Price's failure-to-promote claims."). (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

complaint with prejudice after plaintiffs "filed numerous amended complaints in . . . the district court, were specifically informed as to how to replead their complaint to state a claim, and warned that a failure to comply with the court's order would result in dismissal, and they still failed to cure the deficiencies.").

Accordingly, Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 21) is **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 14th day of December, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro se* Plaintiff
Counsel of Record